CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 3, 2013

LETTER TO COUNSEL:

      RE:    *Deana Lynn Beeman v. Commissioner, Social Security Administration*;
             Civil No. SAG-12-1338

Dear Counsel:

On May 2, 2012, the Plaintiff, Deana Lynn Beeman, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Beeman filed her claim on May 26, 2009. (Tr. 121-24). Her claim was denied initially on September 25, 2009, and on reconsideration on April 28, 2010. (Tr. 55-58, 64-65). A hearing was held on June 10, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 20-50). Following the hearing, on October 27, 2011, the ALJ determined that Ms. Beeman was not disabled. (Tr. 8-19). The Appeals Council denied Ms. Beeman's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Beeman suffered from severe impairments including "status post thoracic outlet syndrome surgery at an unknown distant date; status post cholecystectomy in 2009; asthma; depression; nicotine dependence; and obesity." (Tr. 13). Despite these impairments, the ALJ determined that Ms. Beeman retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 416.967(b) except she is limited to occasional climbing of ladders, ropes and scaffolds, but can frequently perform all other postural activities. She must also avoid concentrated exposure to respiratory irritants. The claimant is also limited to unskilled work that is repetitive in nature and involves following a routine; and has general goals vs. production rate goals. In addition, the claimant is limited to occasional interaction with others (although

>   superficial interaction is okay); few, if any changes in the work setting; and have
>   no need to plan work or to set goals.

(Tr. 14-15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Beeman could perform jobs that exist in significant numbers in the local and national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 18).

On appeal, Ms. Beeman argues that the ALJ committed reversible error in failing to find her celiac disease a severe impairment at step two. Her argument is unpersuasive.

Ms. Beeman submits that her case should be remanded due to the ALJ's finding that her celiac disease is a non-severe impairment. The claimant need only make a threshold showing at step two that an "impairment or combination of impairments . . . significantly limits [his or her] physical or mental ability to do basic work activities" for the ALJ to move onto the subsequent steps in the five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(c). The claimant bears the burden of proving that her impairment is severe. See *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Ms. Beeman points out that this Court has remanded based on an ALJ's failure to "discuss [an] impairment in any fashion." *Albert v. Astrue*, No. CBD-10-2071, 2011 WL 3417109, at *2 (D. Md. July 29, 2011). The Court recently clarified its ruling in *Albert v. Astrue* by suggesting its applicability is limited to cases in which an ALJ fails to discuss an allegedly severe impairment at all in subsequent steps. *Fountain v. Astrue*, No. CBD-11-1884, 2013 WL 145873 (D. Md. Jan. 11, 2013). Here, the ALJ found that Ms. Beeman had several other severe impairments, as discussed above. (Tr. 13). In his subsequent evaluation of Ms. Beeman's RFC, the ALJ considered a number of records pertaining to her gastrointestinal problems. (Tr. 16-17). He expressly discussed her complaints of continuous diarrhea and vomiting and the related diagnostic reports. (Tr. 16-17, 202, 226, 232, 330, 373-74). The ALJ adequately considered Ms. Beeman's impairments, but found that, taken together, her issues were not disabling.

However, even if I were to find that the ALJ erred in his evaluation of any of Ms. Beeman's impairments at step two, such error would be harmless. Because Ms. Beeman made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Beeman's ability to work. *See* 20 C.F.R. § 404.1523. The ALJ's evaluation of evidence of Ms. Beeman's celiac disease is supported by substantial evidence; it presents no basis for remand. Moreover, I find that the ALJ discharged his duty of explanation in all of the remaining steps of his hearing decision.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED, and the Commissioner's motion for summary judgment (ECF No. 20) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge